## Brackbill's Estate.

*Wills—Codicil—Construction—Nephews and nieces—Distribution.*

1. Testator by his will directed that the residue of his estate should be "distributed to and among all my nephews and nieces per capita." By a codicil he directed as follows: "In the distribution of my estate, it is my desire and wish, and I so order and direct that it shall be governed by the intestate laws of the State of Pennsylvania excepting and excluding however, from any participation therein the following named persons." Then followed the names of two nieces, children of a living brother named, and "all the children" without naming them, of a deceased brother, naming him, excepting one son, named. The deceased had five brothers; only one of whom survived him, but all the deceased brothers left children surviving, and living at the death of the testator. He also had a sister who survived him with five children living at his death. *Held,* that the estate was to be distributed per capita in accordance with the will with the nieces and nephews mentioned in the codicil excluded.

2. Where a clear intention is expressed in a will, such intention is not to be set aside by a codicil, except where the provisions of the codicil are manifestly inconsistent with it.

Submitted Nov. 10, 1913. Appeal, No. 255, Oct. T., 1912, by Eustace Brackbill, from decree of O. C. Lancaster Co., May T., 1912, No. 6, dismissing exceptions to adjudication in Estate of Elias Blackbill, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

From the record it appeared that testator by his will directed, inter alia, as follows:

"Fourth. I direct my executors to convert my personal property into money and after paying out of the same my debts, funeral expenses, expenses of settling my estate, and the legacy of six hundred dollars given to my niece Susan Brackbill, I direct the same to be distributed to and among all my nephews and nieces per capita."

By a codicil he directed as follows:

"2. In the distribution of my estate it is my desire and wish and I so order and direct that it shall be governed by the intestate laws of the State of Pennsylvania, excepting and excluding, however, from any participation therein the following named persons:

"Agnes and Minnie Brackbill, children of my brother Amos Brackbill.

"And all the children of my late brother John Brackbill, excepting his son Eustace Brackbill."

From the record it appeared that the testator had a deceased brother, Christian Brackbill, who left to survive him six children who were living at the time of testator's death; also another deceased brother, Benjamin Brackbill, who left five children surviving him; also another deceased brother, John Brackbill, who left a number of children including Eustace Brackbill; also another deceased brother, Joseph Brackbill, who left one child surviving, and Amos Brackbill, a brother,

surviving, who had six children, including Agnes and Minnie mentioned in the codicil; and a sister surviving who had five children.

The auditing judge distributed the residue of the estate per capita, excluding the two nieces and the other nephews and nieces mentioned excluded.

Exceptions to the adjudication were dismissed.

*Errors assigned* were in dismissing exceptions to adjudication.

*John M. Groff*, for appellant, cited: Line's Estate, 221 Pa. 374; Benson's Estate, 209 Pa. 108; Lee's Estate, 16 Pa. Superior Ct. 627; Robinson v. Robinson, 2 Yeates, 525; Phillips's Estate, 205 Pa. 504; Sipe's Estate, 30 Pa. Superior Ct. 145.

*W. U. Hensel*, for appellees, cited: Whelen's Estate, 175 Pa. 23; Reichard's App., 116 Pa. 232; Hunter's Estate, 6 Pa. 97; Kellerman's Estate, 18 Pa. Superior Ct. 530.

OPINION BY HENDERSON, J., February 20, 1914:

The language of the testator does not afford a place for doubt that his intention was to distribute his estate among his nephews and nieces per capita, certain members of the class being excluded for reasons not disclosed in the will. The whole scheme of division shows an intelligent and fixed purpose to give to the designated members of this class notwithstanding the fact that a brother and sister of the testator survived him. The contention in the case arises out of the second paragraph of the first codicil which provides that: "In the distribution of my estate it is my desire and wish and I so order and direct that it shall be governed by the intestate laws of the State of Pennsylvania, excepting and excluding, however, from any participation therein the following named persons." If there were

nothing else in the will or codicil casting light on the testator's intention there would be much force in the argument presented, but a consideration of both of these instruments convinces us that it was not the intention to change the entire plan of distribution and to dispose of the estate remaining after the payment of the legacies provided for in the second and third paragraphs of the will as provided for by the intestate law of the commonwealth and as though Elias Brackbill had died intestate. The codicil does not disclose a purpose to adopt a new plan of distribution. Where a clear intention is expressed in a will such intention is not to be set aside except where the provisions of the codicil are manifestly inconsistent with it. The reference in the codicil to the intestate laws of the state of Pennsylvania is apparently introduced incidentally, not to determine a course of distribution but to provide for the working out of the testator's scheme when the provision for the distribution of his estate is set in action after his death. If the codicil is to be given the effect claimed for it the estate must be distributed per stirpes, because the testator's sister and brother would participate in his estate. The very clause in the codicil, however, on which the appellant relies excludes from participation two of the children of the brother, Amos, and the effect of this provision is not only by the terms of the codicil but by clear implication the ratification of the provision for a bequest to the remaining children of Amos. It is to be noticed, too, that there is no mention in the codicil of the sister who survived nor is Amos mentioned except for the purpose of description of the two nieces, his daughters, who were excluded from any share in the estate. The per capita plan must, therefore, have been in the mind of the testator when the codicil was executed, for under no circumstances would any of the children of Amos take if the intestate law is applied. There is much force in the argument, too, that it might be impracticable to carry out the provisions of sec. 7 of the

will with reference to the disposal of the real estate if the appellant's construction be accepted. The testator evidently desired to have the family name perpetuated in the proprietorship of the farm and accordingly provided a method by which the title might be taken by one of his nephews and equalization in the distribution attained by an appraisement of the land and the payment of the excess of the value over the share of the nephew taking it to the other devisees. It might be that one or the other of the sons of Amos would acquire the title under the arrangement for perpetuating the family name, but they would both be excluded from any share in the estate under the construction sought to be applied. Such an important change in the unambiguous disposal of the estate contained in the will should be manifested in clearer terms than are given in the codicil. The view entertained by the learned judge of the orphans' court renders the will and the codicil consistent and maintains the salient intention to distribute to certain nephews and nieces of the testator per capita, and with that construction we agree.

The decree is affirmed.